10-4629-cr
United States v. Scott

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             SUSAN L. CARNEY,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

             -v-                                    10-4629-cr

JOHN SCOTT,

                              *Appellant*.

_____

Appearing for Appellant:     Laurie S. Hershey, Manhasset, NY.

Appearing for Appellee:      Stephan J. Baczynski, Assistant United States Attorney for the
                             Western District of New York (William J. Hochul, Jr., United
                             States Attorney for the Western District of New York, *on the brief*)

Appeal from the United States District Court for the Western District of New York  (Skretny, *J.*).

    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

On February 22, 2010, Scott pleaded guilty to two counts of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). On October 15, 2010, Scott was sentenced by the United States District Court for the Western District of New York (Skretny, *J.*) to a term of 204 months' imprisonment and lifetime supervised release. Scott is challenging his sentence based on his trial counsel's failure to raise a policy challenge to the sentence pursuant to *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The government concedes in its brief that the district court committed an error in entering sentence against Scott. Scott entered a guilty plea to two counts of violating 18 U.S.C. § 2255(a)(5)(B). Each conviction carried a maximum sentence of 10 years' imprisonment. In sentencing Scott to 17 years imprisonment, the district court erred in not allocating the sentence between the two counts of conviction. As the government concedes, Scott's sentence was illegal and requires a remand for resentencing. Given that we are vacating and remanding, and given that our decision in *Dorvee* issued just shortly before the district court sentenced Scott, in the interest of justice we direct the district court to "exercise its discretion anew" on remand. We note that the district court will now have the benefit of our decisions in *Dorvee* and *United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010), and on remand, and after hearing from the parties, the district court should take note of the considerations detailed in those opinions.

Accordingly, the judgment of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2